1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 8/18/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE EDWARD CAMPBELL, )<br><br>            Petitioner, )<br>                                    )<br>    v.                              )<br>                                    )<br>BEN CURRY, Warden, )<br>                                    )<br>            Respondent. )<br>_____ ) | No. C 08-3725 RMW (PR)<br><br>ORDER GRANTING<br>PETITIONER'S MOTION TO<br>PROCEED IN FORMA<br>PAUPERIS; ORDER TO<br>SHOW CAUSE<br><br>(Docket No. 2) |

    Petitioner, a California state prisoner proceeding pro se, filed the instant habeas corpus

petition pursuant to 28 U.S.C. § 2254 on August 4, 2008.  That same day, he also filed an

application to proceed in forma pauperis.  Based on the submitted application, the court finds

that petitioner has shown good cause to proceed in forma pauperis and will GRANT petitioner's

motion (docket no. 2).  The court orders respondent to show cause why a writ of habeas corpus

should not be issued.

**BACKGROUND**

    According to the petition, on January 24, 2003, a Los Angeles court convicted petitioner

of one count of burglary (CA Penal Code § 459). On March 13, 2003, petitioner was sentenced

to fifteen years.  Petitioner alleges that he has exhausted his administrative and state remedies,

which were all denied.  The instant federal petition was filed on August 4, 2008.

1

**DISCUSSION**

2

**A.     Standard of Review**

3          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

4   custody pursuant to the judgment of a state court only on the ground that he is in custody in

5   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose

6   v. Hodges, 423 U.S. 19, 21 (1975).

7          A district court shall "award the writ or issue an order directing the respondent to show

8   cause why the writ should not be granted, unless it appears from the application that the

9   applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

10  **B.     Petitioner's Claim**

11         As grounds for federal habeas relief petitioner asserts that the California Department of

12  Corrections violated his equal protection rights under the Fourteenth Amendment by denying

13  him the opportunity to participate in earning work training credits to reduce his sentence

14  pursuant to California Penal Code §§ 2933, 2934.  Liberally construed, petitioner's allegation is

15  sufficient to require a response.  The court orders respondent to show cause why the petition

16  should not be granted.

17

**CONCLUSION**

18         1.     Petitioner's motion to proceed in forma pauperis (docket no. 2) is

19  GRANTED.

20         2.     The clerk shall serve by mail a copy of this order and the petition (docket

21  no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the

22  Attorney General of the State of California.  The clerk shall also serve a copy of this order on the

23  petitioner.

24         3.     Respondent shall file with the court and serve on petitioner, within **sixty days** of

25  the filing date of this order and the petition, an answer conforming in all respects to Rule 5 of the

26  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

27  granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of

28  the underlying state criminal record that have been transcribed previously and that are relevant to

a determination of the issues presented by the petition.

      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the filing date of the answer.

      4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the filing date of this order.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the file date of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of any opposition.

      5.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

DATED:   8/15/08

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge