*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE EDWARD CAMPBELL ) | No. C 08-3725 RMW (PR) |
| ) Petitioner, ) | ORDER GRANTING |
| vs. ) | RESPONDENT'S MOTION TO |
| ) | DISMISS; DENYING |
| ) | PETITIONER'S MOTION TO |
| BEN CURRY, Warden, ) | HOLD IN ABEYANCE |
| ) Respondent. ) | (Docket Nos. 4, 7) |
| ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an administrative decision by the California Department of Corrections and Rehabilitation.  The court ordered respondent to show cause why the petition should not be granted.  Respondent filed a motion to dismiss the petition as untimely. In lieu of an opposition, petitioner filed a motion to hold the petition in abeyance.  Respondent filed a reply brief.  Based upon the papers submitted, the court will DISMISS the instant petition.

## BACKGROUND[1]

On January 23, 2003, petitioner pleaded no contest to one count of residential burglary (CA Penal Code § 459).  On March 13, 2003, petitioner was sentenced to fifteen years, which

---

[1] This factual background is not disputed by the parties.

1  included enhancements for a serious felony prior enhancement and two 1-year prison prior
2  enhancements.  (Resp.'s Mot., Ex. 2, p. 7.)  On April 3, 2004, petitioner submitted an
3  administrative appeal, CEN-D-04-00840.  (Petition, Ex. E, p. 1.)  Petitioner exhausted each level
4  of his administrative appeal through to the director's level of review, which was denied on
5  January 14, 2005.  (Id., p. 7.)  On March 1, 2006, petitioner filed a state habeas petition in
6  California Superior Court.  (Resp. Mot., Ex. 2.)  After the superior court denied his petition,
7  petitioner exhausted his state remedies through to the California Supreme Court which denied
8  his petition on October 10, 2007.  (Resp. Mot., Ex. 7.)  Petitioner filed the instant federal petition
9  on July 20, 2008.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

## DISCUSSION

In his federal petition, petitioner claimed that the California Department of Corrections violated his equal protection rights by denying him the opportunity to participate in earning work training credits to reduce his sentence pursuant to California Penal Code §§ 2933, 2934. Respondent separates petitioner's equal protection claim into three parts: (1) denial of participation in the Bridging Education Program ("Claim 1"); (2) denial of ability to earn day-for-day credits in a credit-earning assignment ("Claim 2"); and (3) denial of participation in other credit-earning assignments by not accepting petitioner's waiver pursuant to California Penal Code § 2934 ("Claim 3").  (Resp. Mot., p. 2.)

Respondent challenges the instant petition as untimely.  (Resp. Mot., p. 2-3.)  Respondent further states that Claim 3 is unexhausted.  (Resp. Mot., p. 4-5.)  Rather than directly addressing the timeliness issue, petitioner filed a motion to hold in abeyance his habeas petition so that he can exhaust Claim 3 in state court.

After reviewing the papers submitted, the court concludes that Claims 1 and 2 are untimely and Claim 3 is unexhausted. For the reasons stated below, the court will GRANT respondent's motion to dismiss and DENY petitioner's motion to hold his petition in abeyance.

A.     Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a

1  writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-
2  capital state convictions or sentences must be filed within one year of the latest of the date on
3  which: (1) the judgment became final after the conclusion of direct review or the time passed for
4  seeking direct review; (2) an impediment to filing an application created by unconstitutional
5  state action was removed, if such action prevented petitioner from filing; (3) the constitutional
6  right asserted was recognized by the Supreme Court, if the right was newly recognized by the
7  Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of
8  the claim could have been discovered through the exercise of due diligence. 28 U.S.C. §
9  2244(d)(1). Time during which a properly filed application for state post-conviction or other
10 collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

   Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions such as the revocation of good time credits or the denial of parole, § 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the administrative decision becomes final. See id. at 1066 (limitation period began to run the day after he received timely notice of the denial of his administrative appeal challenging disciplinary decision). The "factual predicate" of the habeas claims is the administrative appeal board's denial of the administrative appeal; it is not the denial of the state habeas petition. See Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).

   Respondent asserts that the factual predicate of Claims 1 and 2 were discovered the day after petitioner's administrative appeal, CEN-04-0840, was exhausted, i.e., January 14, 2005.[2]

---

[2] In petitioner's motion to hold in abeyance, petitioner states that the factual predicate of Claim 3 was discovered on the date his relevant administrative appeal, CTF-S-07-02493, was denied at the director's level, i.e., November 18, 2007. (Pet. Mot., p. 3-4; Petition, Ex. G.) Respondent replies that the factual predicate of Claim 3 was discovered, at the earliest, on the date petitioner was convicted, and at the latest, on March 1, 2006. (Resp. Reply, p. 3-4; Resp. Mot., Ex. 2, p. 10.) Although respondent's motion to dismiss does not distinguish between the

1  (Resp. Mot., p. 3.) Petitioner does not address the timeliness issue regarding Claims 1 and 2, nor
2  does he dispute that he received timely notice of such denial in administrative appeal CEN-04-
3  0840. Therefore, the limitations period to file a federal habeas petition regarding Claims 1 and 2
4  began running on January 15, 2005. See Shelby, 391 F.3d at 1066. Thus, petitioner had until
5  January 15, 2006 to file his federal habeas petition. The instant petition was not field until July
6  20, 2008, which was more than two years after the expiration of the limitations period.
7  Therefore, absent tolling, Claims 1 and 2 are untimely.
8       The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during
9  which a properly filed application for state post-conviction or other collateral review with
10 respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726
11 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Here, petitioner's first state habeas petition
12 was not filed until March 1, 2006, almost two months after the limitations period had already
13 expired. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the
14 limitations period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d)
15 does not permit the reinitiation of the limitations period that has ended before the state petition
16 was filed," even if the state petition was timely filed). Therefore, there is no basis for statutory
17 tolling in this case.
18      Further, although equitable tolling may be available in limited cases, petitioner does not
19 offer any bases for such tolling in this case. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th
20 Cir. 2002) (noting that it is petitioner's burden to demonstrate that such an extraordinary
21 exclusion should apply to him). Accordingly, Claims 1 and 2 must be dismissed as untimely
22 under 28 U.S.C. § 2244(d)(1).
23 B.   Exhaustion
24      Prisoners in state custody who wish to challenge collaterally in federal habeas

---

date of the "factual predicate" of all the claims, respondent makes an argument for the first time in his reply. Because the court normally does not address new arguments raised for the first time in a reply brief, the court will not address respondent's new argument regarding timeliness as it relates to Claim 3. Cf. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).

proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). To comply with the fair presentation requirement, a claim must be raised at every level of appellate review. Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004). Further, the Ninth Circuit has held that the appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal petition is filed, not when it comes on for hearing in the district court or court of appeals, and that if the petitioner exhausts after filing, he can bring that up in a subsequent petition. See Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999).

     Respondent argues that Claim 3 is a new claim alleging facts that occurred after petitioner filed his state habeas petition in California Supreme Court. (Resp. Mot., p. 5.) In response, petitioner concedes that Claim 3 is unexhausted and filed a motion to hold his federal petition in abeyance while he exhausts Claim 3 in state court. (Pet. Mot.) In support of such a motion, petitioner states that he submitted a state habeas petition to California Supreme Court on November 6, 2008, after receiving respondent's motion to dismiss and realizing that he had not yet exhausted that claim. (Id., p. 4.) Further, petitioner notes that he has good cause to receive a stay because he would otherwise be barred from seeking review in federal court.

     A petition that contains both exhausted and unexhausted claims is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). A district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. Id. at 277-78. However, here, because the court has dismissed Claims 1 and 2 as untimely, Claim 3 is the only claim remaining in the petition and, as the parties agree, it is unexhausted. Because a district court does not have discretion to stay a petition containing only unexhausted claims, see Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006), the court must deny petitioner's motion to hold the

Order Granting Respondent's Motion to Dismiss; Denying Petitioner's Motion to Hold in Abeyance
P:\PRO-SE\SJ.Rmw\HC.08\Campbell725mtd.wpd     5

1 petition in abeyance.

2     Alternatively, even if petitioner's federal petition was mixed, petitioner does not demonstrate "good cause" for failing to previously exhaust in order to obtain a stay. See Rhines, 544 U.S. at 273-75, 277-78. Petitioner's allegation that without a stay, he may become time-barred does not establish any cause for his initial failure to exhaust, much less good cause. See, e.g., Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (holding that a petitioner's mistaken belief that counsel included his unexhausted claim in his state court petition did not satisfy the "good cause" requirement for a stay); Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (reiterating that stay and abeyance "should be available only in limited circumstances, and is appropriate only when the district court determines that there was good cause for the failure to exhaust") (internal citation and quotation omitted).

    Accordingly, the court dismisses Claim 3 as unexhausted. See Rasberry v. Garcia, 448 F.3d at 1154. The court expresses no opinion as to whether, after exhausting Claim 3, petitioner will be time-barred against a subsequent federal petition.

## CONCLUSION

Respondent's motion to dismiss the petition (docket no. 4) is GRANTED. Petitioner's motion to hold in abeyance his habeas petition (docket no. 7) is DENIED. The instant petition is DISMISSED. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: 3/16/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss; Denying Petitioner's Motion to Hold in Abeyance
P:\PRO-SE\SJ.Rmw\HC.08\Campbell725mtd.wpd    6