*E-FILED - 7/6/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE EDWARD CAMPBELL,              )<br>                                                              )<br>            Petitioner,                       )<br>    vs.                                             )<br>                                                              )<br>                                                              )<br>BEN CURRY, Warden,                     )<br>                                                              )<br>            Respondent.                    )<br>_____)  | No. C 08-3725 RMW (PR)<br><br>ORDER GRANTING EXTENSION OF TIME TO APPEAL, DENYING APPLICATION FOR COA, AND DENYING IFP STATUS ON APPEAL<br><br>(Docket Nos. 12, 13, 14) |

Petitioner Maurice Campbell filed a *pro se* petition for a writ of habeas corpus challenging an administrative decision by the California Department of Corrections and Rehabilitation.  Following briefing by the parties, this court dismissed claims 1 and 2 of the petition as untimely and claim 3 of the petition as unexhausted in an order dated March 18, 2009 (docket no. 9), and entered judgment that same date (docket no. 10).  On May 13, 2009, petitioner filed a notice of appeal, an application for a certificate of appealability, and an application to proceed *in forma pauperis* on appeal.

**A.    Extension of Time to Appeal**

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1).  Relief from the deadline for a timely notice of appeal may be obtained by a motion in the district court under Rule

Order Granting Extension of Time to Appeal, Denying Application for COA, and Denying IFP Status on Appeal
P:\PRO-SE\SJ.Rmw\HC.08\Campbell725coa.wpd          1

4(a)(5), which allows for an extension of time if the party requests it no later than thirty days after the expiration of the time to file the notice and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

The court dismissed the petition and entered judgment on March 18, 2009. Petitioner's notice of appeal was due on or before April 18, 2009. On May 13, 2009, petitioner filed a notice of appeal where he explained that he was transferred to a different prison shortly after the judgment was entered and requested the court to deem his notice of appeal timely. Petitioner's notice was filed within thirty days of the expiration of the time to file the notice of appeal. Good cause appearing, the court GRANTS petitioner's request and deems the notice of appeal (docket no. 12) timely filed.

**B.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a certificate of appealability ("COA"). The instant petition was dismissed on procedural grounds. "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. *See id.*

1    The instant petition was dismissed because claim 3 was unexhausted, and claims 1
2 and 2 were late by more than two years.  Petitioner's state habeas petition, which would
3 have statutorily tolled the limitations period, was not filed until after the limitations
4 period had expired, and petitioner did not present any grounds for equitable tolling.  For
5 the first time in his application for a certificate of appealability, petitioner raises an
6 equitable tolling argument.  In particular, he claims that he had limited access to the
7 library in 2005 when his statute of limitations on claims 1 and 2 was running;
8 accordingly, he could not properly prepare his state habeas petition.  A litigant seeking
9 equitable tolling of the statute of limitations under the Antiterrorism and Effective Death
10 Penalty Act of 1996 ("AEDPA") bears the burden of establishing two elements:  (1) that
11 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
12 stood in his way.  *See Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation
13 omitted).  The threshold necessary to trigger equitable tolling under the AEDPA is very
14 high; this high bar is necessary to effectuate the AEDPA's statutory purpose of
15 encouraging prompt filings in federal court in order to protect the federal system from
16 being forced to hear stale claims.  *Id*.  The court finds that the allegations of limited
17 library access do not rise to the level of an extraordinary circumstance which prevented
18 petitioner from being able to file his petition on time.

19    Reasonable jurists would not find the court's conclusion as to timeliness or
20 exhaustion debatable.  Petitioner's application for a certificate of appealability (docket no.
21 13) is DENIED.  Petitioner may, however, proceed to file a request for a certificate of
22 appealability directly with the Ninth Circuit.  *See Nevius v. Sumner*, 105 F.3d 453, 458
23 (9th Cir. 1996).

24 **C.    In Forma Pauperis Status on Appeal**

25    In view of the denial of the COA, petitioner's request for leave to proceed *in forma*
26 *pauperis* on appeal is DENIED.  It may, of course, be renewed in the Ninth Circuit if the
27 Ninth Circuit grants the COA.

28    The clerk of the court shall forward to the court of appeals the case file with the

1  notice of appeal, the application for a certificate of appealability, the application to
2  proceed IFP on appeal, the order granting respondent's motion to dismiss and denying
3  petitioner's motion to hold in abeyance (docket no. 9), and this order.  *See* Fed. R. App. P.
4  22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

5      This order terminates docket number 13 and 14.
6      IT IS SO ORDERED.
7  DATED:  ___ 7/2/09 _____

*[signature: Ronald M. Whyte]*

RONALD M. WHYTE
United States District Judge

Order Granting Extension of Time to Appeal, Denying Application for COA, and Denying IFP Status on Appeal
P:\PRO-SE\SJ.Rmw\HC.08\Campbell725coa.wpd    4